IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LAWANNA SALTERS-FELDMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Civil No. 18-3672 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Lawanna Salters-Feldman from a denial of social security disability benefits on September 28, 2017 which was upheld by the Appeals Council on January 23, 2018. [Record of Proceedings, "R.P.", p. 1-5]

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp

v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of

2

>     whether such work exists in the immediate area in
>     which he lives, or whether a specific job vacancy
>     exists for him, or whether he would be hired if he
>     applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In <u>Plummer</u>, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. <u>Adorno v. Shalala</u>, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.
>
> At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is

capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

## II. **FACTUAL BACKGROUND**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was born in 1966, and was 46 years old at the alleged onset date. [R.P., p. 28, 42, 54] She applied for Social Security Disability Benefits on July 30, 2015, alleging an onset of disability of December 12, 2012. [R.P., p. 24]

A disability hearing was held via videoconference on February 2, 2017. [R.P., p. 51] The ALJ heard testimony from Plaintiff and the Vocational Expert. [R.P., p. 51-85] Plaintiff's chief physical complaints result from degenerative disc disease, which the ALJ found to be a severe impairment. [R.P., p. 28][1]

Among other documents, the ALJ considered reports from Doctors Nussbaum and Simpkins [Exhibits B1A and B3A], both of whom

---

[1] Plaintiff has had two back surgeries: a lumbar spine fusion at L4-L5-S1 in 2011, and a discectomy in 2015. [R.P., p. 324] Plaintiff also asserts severe mental impairments, including dysthymic disorder and panic disorder, which the ALJ found were severe impairments. [R.P., p. 28]

4

reviewed the entire record in connection with Plaintiff's application. Both doctors' residual functional capacity conclusions included a postural limitation of standing and walking only up to four hours per standard eight-hour working day. [R.P., p. 97-99, 113-15]

## III. **ALJ'S DETERMINATION**

The ALJ concluded that "the claimant has not been under a disability as defined in the Social Security Act from December 12, 2012, through the date last insured." [R.P., p. 26]

The ALJ did not include any limitation concerning standing or walking in his residual functional capacity determination [R.P., p. 34-35], even though the ALJ's written decision notes that Dr. Nussbaum and Dr. Simpkins included such a limitation in their assessments of Plaintiff. The relevant portion of the ALJ's decision reads, in its entirety:

> In terms of physical functional capacity, at the initial determination level of administrative review, Dr. Peter Nussbaum, M.D., reviewed the entire record for New Jersey's disability determination agency as of March 2, 2016, and concluded in pertinent part, that the claimant was limited to but capable of work at the light exertional level defined in 20 CFR §404.1567(b), with attendant postural restrictions and standing and walking limited to four hours per standard eight-hour workday. [Ex. B1A.] At the reconsideration level of administrative review, Nancy Simpkins, M.D. reviewed the entire record for New Jersey's disability determination agency as of March 29, 2016, and affirmed Dr. Nussbaum's assessments. [Ex. B3A.] Independent assessment of the overall record leads the undersigned to conclude that since Dr. Nussbaum and Dr. Simpkins were familiar with the case record developed to those points in time and

5

> because, as highly qualified physicians who are also
> experts in Social Security disability evaluation, they
> have considerable understanding of the Social Security
> disability programs and their evidentiary requirements,
> their opinions deserve some weight. 20 CFR
> §§404.1513a(b)(1), 404.1527(c)(6). The undersigned
> therefore has adopted their assessments as a baseline in
> determining the claimant's residual functional capacity.
> However, while the undersigned has found the evidence
> sufficient to warrant even further postural, activity,
> and environmental restrictions, the evidence is
> insufficient to warrant the limitation to four hours of
> standing or walking per standard workday. The
> claimant's admitted and demonstrated capabilities as
> previously described, along with the objective findings
> previously noted, warrant no further limitation beyond
> that delineated above.

[R.P., p. 40]

## IV. **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ's decision concerning residual functional capacity is not supported by substantial evidence because the ALJ allegedly "ignore[ed] the opinions of both [Dr. Nussbuam and Dr. Simpkins]." (Opening Brief, p. 26; Reply Brief, p. 6) The Commissioner responds that the ALJ mainly incorporated the doctors' limitations into the ALJ's functional capacity assessment "with the exception of" the stand/walk limitation, which, the Commissioner asserts, the ALJ rejected as unsupported by the record. (Opposition Brief, p. 14)

The ALJ obviously did not ignore Dr. Nussbaum's and Dr. Simpkins' opinions altogether; the written decision discusses that evidence. However, <u>why</u> the ALJ chose to omit the stand/walk limitation from his own residual functional capacity assessment,

6

when Dr. Nussbaum's and Dr. Simpkins' assessments both included such a limitation, is not adequately explained in the decision. Indeed, the written decision could be viewed as being somewhat internally inconsistent insofar as the decision states that it "adopts" the doctors' "assessments as a baseline in determining the claimant's residual functional capacity" but then materially departs from that "baseline" by omitting a significant postural limitation.

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.). The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because the Court presently cannot determine what other evidence in the record led the ALJ to reject the stand/walk postural limitation found by Dr. Nussbaum and Dr. Simpkins. It may well be the case that, upon remand, the ALJ will arrive at the same decision. At this juncture, however, the ALJ must provide additional explanation citing to specific record evidence in

7

support of the decision. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this 26th day of April, 2019,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall close this case.

s/ Renée Marie Bumb
RENÉE MARIE BUMB, U.S.D.J.